# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2012

No. 11-10910
Summary Calendar

Lyle W. Cayce
Clerk

MARK KUPSTIS,

Plaintiff-Appellant

v.

DONALD DAVIS, Field Officer; PATRICK MARTIN, Field Officer; JANCY WILLIAMS; DIRECTOR, T.D.C.J.; 259TH DISTRICT COURT; ELEVENTH COURT OF APPEALS, for the State of Texas; STATE OF TEXAS; HENDRICK'S MEDICAL SERVICES, Individual capacity and official capacity; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, T.D.C.J.,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-00157

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Kupstis, Texas prisoner # 707122, proceeding pro se, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e). By moving to proceed IFP, Kupstis is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Section 1915(e)(2)(B)(i) requires a district court to dismiss an IFP complaint at any time if the court determines that such complaint "is frivolous or malicious." "A complaint is frivolous if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted).

As an initial matter, Kupstis does not address the dismissal of his claims against the 259th District Court, the Texas Eleventh Court of Appeals, and Hendrick's Medical Services. Accordingly, he has abandoned such claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Kupstis avers that the defendants were deliberately indifferent to his serious medical needs regarding his groin pain, sore throat, and hepatitis C. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). Kupstis's allegations amount to no more than a disagreement with his medical care and claims of negligence and medical malpractice, which do not establish deliberate indifference. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).

Kupstis contends that he was deprived of due process when the defendants confiscated and destroyed his legal materials and personal property. Kupstis's claims rest on the purported random and unauthorized acts of prison officials, and his claims for § 1983 damages are barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Holloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986).

No. 11-10910

Kupstis has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His IFP motion is therefore denied, and his appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24. Kupstis's motion for appointment of counsel is also denied.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of the complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Kupstis is warned that if he accumulates a third strike, then he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.